## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ------------------------------------------------x<br>In re:<br><br>WOODBRIDGE GROUP OF<br>COMPANIES, LLC, et al.,[1]<br><br>       Remaining Debtors.<br><br>------------------------------------------------x<br>MICHAEL GOLDBERG, in his capacity as<br>Liquidating Trustee of the<br>Woodbridge Liquidation Trust,<br><br>       Plaintiff,<br><br>v.<br><br><br>JOSEPH A. LOOX,<br>       Defendant.<br>------------------------------------------------x | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered)<br><br><br><br><br><br><br><br><br><br><br>Adv. Proc. No. 19-50978 (JKS) |

## **ORDER**

**WHEREAS**, on November 30, 2019, Michael Goldberg ("Plaintiff"), in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust, filed the Adversary Complaint: (I) for Avoidance and Recovery of Avoidable Transfers; and (II) for Sale of Unregistered Securities, for Fraud, and for Aiding and Abetting Fraud (the "Complaint") [Adv. D.I. 1] against Joseph A. Loox ("Defendant").

**WHEREAS**, on June 24, 2020, Defendant filed an Answer to the Complaint [Adv. D.I. 17].

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

**WHEREAS**, on September 4, 2020, the Court entered a Scheduling Order setting forth certain deadlines with respect to mediation, discovery, motion practice, and pretrial procedures [Adv. D.I. 23].

**WHEREAS**, on January 5, 2021, the adversary proceeding was assigned to mediation and a mediator was appointed [Adv. D.I. 29].

**WHEREAS**, on May 24, 2021, the mediator filed the Mediator's Certificate of Completion [Adv. D.I. 47] reporting that numerous attempts to contact the Defendant in an effort to conduct mediation were unsuccessful and no emails were returned as undeliverable. As a result, no mediation was conducted on the scheduled date of May 13, 2021.

**WHEREAS**, on January 28, 2022, an Affidavit of Service [Adv. D.I. 56] was filed with the Court stating that Epiq Class Action and Claims Solutions, Inc. caused a true and correct copy of the "Final Pretrial Order," dated January 21, 2022, to be delivered via overnight and first-class mail to Defendant.

**WHEREAS**, on February 1, 2022, Plaintiff filed a Notice of Filing of [Proposed] Final Pretrial Order with the Court [Adv. D.I. 57].

**WHEREAS**, the Notice of Agenda and Amended Notice of Agenda [Adv. D.I. 58, 59], which were served on Defendant [Adv. D.I. 63, 64], contained the following status with respect to the Pretrial Conference:

> Status: Plaintiff served Defendant with the notice of the pretrial conference and proposed final pretrial order for review. The Defendant failed to respond to the proposed final pretrial order. The pretrial conference will be going forward and the Plaintiff will request pursuant to Local Rule 7016-2(b), after further notice to the Defendant, entry of judgment for failure to appear and cooperate in the preparation of the pretrial order.

**WHEREAS**, the Pretrial Conference was held on February 8, 2022, and Defendant failed to appear at the Pretrial Conference.

**WHEREAS**, as discussed on the record at the Pretrial Conference, Plaintiff requests entry of a judgment pursuant to Del. Bankr. L.R. 7016-2(b) in the event that Defendant fails to appear for the rescheduled Pretrial Conference and has filed a proposed form of Judgment under Certification of Counsel [Adv. D.I. 65].

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The Pretrial Conference is hereby rescheduled to **March 15, 2022, at 1:00 p.m. (prevailing Eastern Time)**. The Pretrial Conference will be conducted by Zoom. All parties are required to register for the Pretrial Conference no later than 4:00 p.m. on March 14, 2022, using the following link: https://debuscourts.zoomgov.com/meeting/register/vJltc-iqrDMjHk5aW1WoM7qsasJWSw-VuvY

2. Defendant's failure to appear at the Pretrial Conference shall result in entry of a Judgment, substantially in the form attached hereto as Exhibit 1.

Dated: February 23, 2022

                                                J. Kate Stickles
                                                United States Bankruptcy Judge